IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD E. DORSEY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:12cv884-MHT |
| ) | |
| GLIDEWELL LAWN CARE, INC., ) | |
|    *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Leonard E. Dorsey, brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, alleging that he was subjected to a hostile work environment and that his employment was terminated illegally on the basis of his race.  The court has jurisdiction over the complaint pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 42 U.S.C. § 2000e-5. Now pending before the court is the motion to dismiss (Doc. 8) filed by the Defendants, Dan Glidewell, Derrick Glidewell, and Glidewell Lawn Care, Inc. On January 10, 2013, the court held oral argument on the motion.  Upon consideration of the motion, and for good cause, the court concludes that the motion is due to be granted as to Dorsey's Title VII hostile work environment claim, and denied as to Dorsey's Title VII wrongful termination claim.

**Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a

plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that, although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned,

2

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F. 3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

3

**Discussion**

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In his complaint, Dorsey alleges that his former employer, Glidewell Lawn Care, Inc., and its owners, Derrick Glidewell and Dan Glidewell, discriminated against him by subjecting him to a hostile work environment and by terminating his employment. (Doc. 1-2 p. 6).

To prevail on a Title VII employment discrimination claim, a plaintiff must be able to show that his employer intended to discriminate against him *on the basis of race*. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327-28 (11th Cir. 2011). This is generally accomplished by a demonstration that the defendant treated the plaintiff differently than other similarly-situated people who were not in the plaintiff's protected class. *Id*. With respect to Dorsey's hostile work environment claim, the complaint alleges no facts from which a factfinder could conclude that any workplace hostility was racially motivated. Rather, if anything, the factual allegations in the complaint establish that hostility and rudeness was directed at the employees of Glidewell Lawn Care regardless of race. For example, Dorsey describes an incident in which a supervisor intensely ridiculed another employee named Adam with rude insinuations that Adam's wife was having an affair with his brother and

4

bearing his brother's children.  (Doc. 1-2 p. 4).  At the time, Adam was driving a truck and became so unnerved and distracted by the insinuations that he made a wrong turn, a mistake for which his was promptly terminated and told to "take his ass home."  (Doc. 1-2 p.4).  As Dorsey made clear at oral argument on the motion to dismiss, Adam is white.  The court questioned Dorsey at oral argument with respect to whether there existed any circumstantial evidence that would indicate racially motivated workplace hostility, as opposed to evidence suggesting a generally hostile environment of rudeness and intimidation directed at all employees. Dorsey was not able to point to any specific evidence that would allow an inference that the hostility was racially motivated.  Therefore, Dorsey's hostile work environment claim is due to be dismissed.  *See Smith*, 644 F.3d at 1329 (holding that the plaintiff in a Title VII employment discrimination case must present "circumstantial evidence that creates a triable issue concerning the [defendant's] discriminatory intent").

   However, in his complaint, Dorsey alleged that he was fired for being absent from work on May 15 and 16, 2012 due to a court appearance.  (Doc. 1-2 p. 6).  Dorsey also alleges that a white co-worker was also absent from work on May 14-16, 2012, but was not fired.  Accordingly, the complaint does allege facts that would support an inference of discriminatory intent.  *See Smith*, 644 F.3d at 1328 (holding that an inference of intentional discrimination may be drawn from evidence that the employer treated the plaintiff less favorably than a similarly-situated employee who is not a member of the plaintiff's protected class).  Accordingly, Dorsey's *pro se* complaint does allege facts sufficient to state a Title

5

VII claim for wrongful termination.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the motion to dismiss (Doc. 8) filed by the Defendants be **GRANTED** with respect to Dorsey's Title VII hostile work environment claim, and that the hostile work environment claim be **DISMISSED**.  In all other respects, it is the Recommendation of the Magistrate Judge that the motion to dismiss (Doc. 8) be **DENIED**.  Further, it is

**ORDERED** that the parties shall file any objections to this Recommendation on or before **January 25, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done this 11th day of January, 2013.

                                   /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE